**Federal Defenders**
OF NEW YORK, INC.

52 Duane Street - 10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David Patton
*Executive Director and
Attorney-in-Chief*

March 6, 2020

**VIA EMAIL**

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: **United States v. Hoa Duc Nguyen**
07 Cr. 1121 / (PAE)

Dear Judge Engelmayer:

On February 20, 2020 the Court directed Petitioner to submit a letter setting forth his views regarding the proper disposition of his motion in light of the decision in *United States v. Davis*, 139 S.Ct. 2319 (2019) and other authority. For two reasons discussed below, I respectfully request that the Court continue to stay the matter for 60 days. The government consents to this request.

In 2008 Hoa Duc Nguyen pled guilty to, among other offenses, two counts of violating 18 U.S.C. § 924(c). The counts charged him with possessing a firearm during and in relation to the purported crimes of violence of conspiracy to commit and attempt to commit Hobbs Act robbery. He pled guilty and was sentenced to a total term of imprisonment of 300 months, of which five years was for the 924c convictions. He has now served approximately 17 years.

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Nguyen moved to vacate the § 924(c) convictions. He alleged that the new rule in *Johnson* invalidated as unconstitutionally vague § 924(c)'s residual clause, and without the residual clause, his § 924(c) convictions should be vacated because his purported predicate offenses were not crimes of violence. The Supreme Court in *United States v. Davis*, 139 S.Ct. 2319 (2019) confirmed that *Johnson*'s rule applied to § 924(c).

I ask for a continued stay for 60 days for two reasons. First, there is a case pending in the Second Circuit, *United States v. Nolan*, 16-3423, that was argued in November and raises the same issue here: whether attempt to commit Hobbs Act robbery is a crime of violence for

Honorable Paul A. Engelmayer  March 6, 2020
United States District Court  Page 2
Southern District of New York

purposes of 18 U.S.C. § 924(c).[1] That issue is unresolved in the Second Circuit, and the district courts throughout the circuit are split.

Second, although counsel believes that *Davis* supports the petitioner's motion, there are matters that I wish to discuss with Mr. Nguyen who is incarcerated in a federal prison in Georgia. Since receiving this Court's Order, I have made efforts to set up a phone call with Mr. Nguyen, but I have not been successful. I am hopeful that we will be able to communicate soon.

Respectfully submitted,

/s
David E. Patton
Attorney for Mr. Nguyen

3/9/2020

Granted. The Court requests a joint status letter from the parties on Friday, May 1, 2020.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

---

[1] Mr. Nguyen also challenges the predicate of conspiracy to commit Hobbs Act robbery, but that issue has already been resolved in his favor. See *United States v. Barrett*, 937 F.3d 126, 127 (2d Cir. 2019) ("*Davis* precludes [the Court] from concluding . . . Hobbs Act robbery conspiracy [] qualifies as a § 924(c) crime of violence.").