UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

HOA DUC NGUYEN,

Defendant.

---

07 Cr. 1121 (PAE)

OPINION &
ORDER

PAUL A. ENGELMAYER, District Judge:

The Court has received a *pro se* motion from defendant Hoa Duc Nguyen, seeking compassionate release from Federal Correctional Institution ("FCI") Edgefield, in Edgefield, South Carolina, pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 19 ("Def. Mem."). For the reasons that follow, the Court denies the motion.

I.      **Background**[1]

   **A. Offense Conduct, Plea, and Sentencing**

   Nguyen's offense conduct, as drawn from the Presentence Report ("PSR"), is briefly summarized. Between 1987 and June 2003, he was among the leaders of a violent gang, the "Frank Ma Organization," that operated primarily in New York and California. The organization committed crimes including murders, robberies, a carjacking, smuggling of stolen cards, and heroin trafficking. The crimes in which Nguyen personally participated included murders for hire, carried out at his direction; armed robberies, including of a computer chip manufacturer in

---

[1] The Court draws this summary substantially from the Presentence Report, Dkt. 24, Ex. A ("PSR"), and the Government's helpful summary of the complicated docket history of this matter in its letter opposing compassionate release, *id.* ("Gov't Mem.").

which Nguyen fired a gun at an innocent victim; and transportation of heroin. *See generally* PSR ¶¶ 42–67.

The most serious of these were the five murders for which Nguyen was responsible. *Id.* ¶ 73. In March 1992, after planning, Nguyen personally murdered two members of a rival gang by shooting them in the head. *Id.* ¶ 49. In April 1993, an associate of Nguyen's, acting at his direction, killed a rival of Frank Ma's. *Id.* ¶ 51. In July 1994, Nguyen travelled with others to Toronto to murder a drug rival, but the group mistakenly shot and killed two innocent victims. *Id.* ¶¶ 56–61. Nguyen also shot a sixth victim in the neck, but the victim survived. *Id.* ¶¶ 50, 73.

Nguyen was charged across a series of five indictments, eventually consolidated in this District. The first were filed in either the Northern or Central Districts of California, and the fifth was assigned to the Hon. Deborah Batts of this District. *See* Dkt. 2. On September 21, 2007, Nguyen pled guilty to all counts in the indictment first filed before Judge Batts. On February 26, 2008, he pled guilty to all counts of the indictments first filed in the Northern or Central Districts of California. These together encompassed charges including racketeering, racketeering conspiracy, narcotics trafficking, multiple counts of murder while engaged in a narcotics conspiracy, Hobbs Act robbery, Hobbs Act robbery conspiracy, conspiracy to export stolen vehicles, transport of stolen vehicles, firearms offenses, and bail jumping. The racketeering charge included predicate acts of murder and attempted murder. Gov't Mem. at 2–3.

On February 21, 2007, Judge Batts, departing downward from the life imprisonment sentence recommended by the Sentencing Guidelines, imposed an aggregate sentence of 300 months' imprisonment. The sentence was composed of, first, 240-month terms on seven separate counts, all to run concurrently with one another along with various lesser sentences on

other counts; to be followed by, second, a 60-month term of imprisonment on two firearms counts, each of which was the underlying "crime of violence" of Hobbs Act robbery.  Dkt. 6 (judgment).

Nguyen is presently housed at FCI Edgefield.

**B.      Compassionate Release Motion**

On February 15, 2022, Nguyen submitted an administrative request for compassionate release to the warden of FCI Edgefield.  He later filed the instant motion for compassionate release, which the Court received and docketed on December 6, 2022.  Dkts. 19–20.  The motion represents that Nguyen has not received a response to his administrative request.  Def. Mem. at 4.  Nguyen argues in the motion that he should be released not on any ground related to the COVID-19 pandemic, but because he has purportedly been rehabilitated; because of changes in the law governing his firearms convictions under 18 U.S.C. § 924(c); because of his age at the time of the offenses; and because of the amount of time he has served in custody.

On December 27, 2022, the Government opposed this motion.  *See* Gov't Mem.

**II.    Discussion**

**A.      Standards Governing Compassionate Release Motions**

"[U]pon motion of the defendant," and "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," the Court may reduce such defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden of proving he is entitled to compassionate release.  *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased

3

punishment, he or she has the burden of showing that the circumstances warrant that decrease.");
*United States v. Clarke*, No. 09 Cr. 705 (LAP), 2010 WL 4449443, at *1 (S.D.N.Y. Oct. 29, 2010).

Originally, section 3582(c)(1)(A) did not permit defendants to initiate compassionate release proceedings; it required the BOP to seek such release on their behalf. *United States v. Phillibert*, 557 F. Supp. 3d 456, 459 (S.D.N.Y. 2021). However, "[a]s part of the First Step Act of 2018, Congress authorized courts to reduce a term of imprisonment upon motion by a defendant." *United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022) (per curiam).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Brooker*, 976 F.3d 228, 232 (2d Cir. 2020) (citing 28 U.S.C. § 994(t)). The Commission did so in U.S.S.G. § 1B1.13 and its commentary, which, *inter alia*, (1) define various circumstances that present extraordinary and compelling reasons justifying release; and (2) require that a defendant not be a danger to the safety of the community. U.S.S.G. § 1B1.13(1)–(3) & cmt. n.1. However, the guidance under this provision applies only to a "motion of the Director of the Bureau of Prisons." *Id.* § 1B1.13. It does not apply "to compassionate release motions brought by defendants," rather than by the BOP, and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling" in such cases. *Brooker*, 976 F.3d at 236 (internal quotation marks omitted); *see also id.* at 237 ("Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion."). Thus, when assessing a motion brought by an imprisoned defendant and not the BOP, the Court is not constrained by U.S.S.G. § 1B1.13's enumeration of extraordinary and compelling reasons and may "consider the full slate of extraordinary and compelling reasons

4

that an imprisoned person might bring before [it] in motions for compassionate release." *Id.* at

237. Even if such reasons are present, the Court must also assure itself that release is consistent

with "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C.

§ 3582(c)(1)(A).

### B.    Analysis

Nguyen's application for compassionate release under § 3582(c) stands alone among the

many—likely more than 100—that this Court has received, in that Nguyen does not make any

argument for relief based on COVID-19 or associated prison conditions. The Court, to whom

this case was not previously assigned, has familiarized itself with the case history and has

carefully considered Nguyen's arguments for compassionate release under § 3582(c). The Court

denies the motion for two independent reasons. First, the Court does not find extraordinary or

compelling reasons for compassionate release. Second, even if such reasons were found, the

§ 3553(a) factors, viewed in combination, would not favor his early release, particularly given

the exceptional gravity of his crimes.

### 1.    Extraordinary and Compelling Circumstances

Nguyen first argues that he has been rehabilitated, noting that he has taken many courses

and vocational programs while incarcerated, including courses in nutrition, welding, and

Spanish. Def. Mtn. at 25. These steps are laudable. There is, however, case authority that a

defendant's rehabilitative steps, standing alone, cannot supply extraordinary circumstances

warranting early release under § 3582(c). *See, e.g.*, *United States v. Negron*, No. 11 Cr. 324

(CS), 2021 WL 3540240, at *2 (S.D.N.Y. Aug. 10, 2021) ("Making good use of one's time in

prison is not uncommon, and indeed is expected." (citing *United States v. Alvarez*, No. 89 Cr,

229 (JS), 2020 WL 4904586, at *7 (E.D.N.Y. Aug. 20, 2020))); *United States v. Robinson*, No.

17 Cr. 124 (PAE), 2022 WL 507445, at *5 (S.D.N.Y. Feb. 18, 2022); *United States v. Cueto*, No. 11 Cr. 1032-80 (PAE), 2021 WL 621188, at *5 (S.D.N.Y. Feb. 17, 2021). Regardless, in the Court's experience, the productive steps Nguyen has taken, although exceeding those of many inmates, do not so depart from the norm as to qualify as extraordinary. As the Government notes, the courses and programs that Nguyen has taken fall short of the rehabilitative steps that—in conjunction with other factors, generally relating to the impact of the pandemic—have been cited as support for a finding of extraordinary and compelling circumstances. *See, e.g.*, *United States v. Wilson*, No. 16 Cr. 317 (PAE), Doc. No. 656 at 4–7 (S.D.N.Y. Aug. 31, 2020) (ordering compassionate release of defendant with heightened vulnerability who had served the substantial majority of his sentence and played a low-level role in a drug trafficking conspiracy); *United States v. Simon*, 482 F. Supp. 3d 151, 157 (S.D.N.Y. 2020) (ordering compassionate release of elderly defendant, who had serious medical conditions and played a low-level role in a drug trafficking conspiracy); *United States v. Davies*, 469 F. Supp. 3d 175, 180 (S.D.N.Y. 2020) (same); *United States v. Brown*, 467 F. Supp. 3d 209, 213 (S.D.N.Y. 2020) (same); *United States v. Jasper*, No. 18 Cr. 390-18 (PAE), 2020 WL 1673140, at *2 (S.D.N.Y. Apr. 4, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a four-month sentence).

Nguyen next argues that his age at the time of his offense constitutes an extraordinary circumstance. That is wrong. Nguyen was born in 1966. According to the PSR, his crimes were centered around the period 1991–1996, with four of the murders occurring in 1993 and 1994. As such, Nguyen was ages 27 and 28 at the peak of the crime spree in which he participated as a leader of the Frank Ma Organization. Although a defendant's youth is sometimes identified as a mitigating factor at sentencing, where so, the defendant is almost always in his late teens or early

20s. In the Court's experience, age 28 is squarely in the middle, and by no means on the younger

end of, the bell curve of those charged with violent gang offenses, including murder. The Court

is unaware of any authority supporting the reduced sentence or early release of a defendant under

§ 3582(c) based on offenses committed at such ages. Commentary to this effect entails

significantly younger offenders. *See, e.g.*, *United States v. Benjamin*, No. 15 Cr. 445-15 (PAE),

2020 WL 10356810, at *3 (S.D.N.Y. Sept. 15, 2020) (finding that defendant's maturation since

commission of offense as a teenager, in combination with other factors, including prison

conditions during pandemic, supported early release after service of nine years of a 10-year

sentence); *United States v. Romero*, No. 15 Cr. 445-18 (PAE), 2021 WL 1518622, at *5

(S.D.N.Y. Apr. 16, 2021) (granting compassionate release to defendant who had served more

than 90% of sentence and who showed signs of continued "growing up" through various

successful rehabilitative measures while incarcerated (internal quotation omitted)).

Nguyen next argues that he has served most of his sentence: more than 20 of the 25 years.

Where defendants have identified extraordinary and compelling reasons for release, such as

heightened vulnerability to death or grave illness due to the COVID-19 pandemic, the fact that a

defendant has served the significant majority of their sentence is a factor that this Court has

viewed as favoring early release. *See, e.g.*, *United States v. Lizardi*, No. 11 Cr. 1032 (PAE), Dkt.

2523 at 2 (S.D.N.Y. Oct. 9, 2020) (granting compassionate release for a defendant who had

served nearly 93 months of his 121-month sentence, and was expected to be released to a

halfway house in five months); *Benjamin*, 2020 WL 10356810, at *3 (same for defendant with

asthma and who had served nine years of his 10-year sentence); *United States v. Hernandez*, 451

F. Supp. 3d 301, 305 (S.D.N.Y. 2020) (same for defendant who had served 17 months of a 24-

month stated sentence and was scheduled for release in four months). Here, however, Nguyen

has not identified an independent basis for relief, such as based on the risks presented to him by the pandemic. The fact that he has served most of his sentence does not supply any justification, legal or normative, for effectively reducing the considered sentence that Judge Batts imposed.

Finally, Nguyen notes that the Supreme Court has recently held that attempted Hobbs Act robbery is not a crime of violence, within the meaning of 18 U.S.C. § 924(c). *See United States v. Taylor*, 142 S. Ct. 2015, 2016 (2022). That holding does indeed have implications for Nguyen's case. That is because the 300-month sentence, as structured by Judge Batts, and as relevant here, consisted of a 240-month sentence on seven separate counts running concurrently with one another, to be followed by a 60-month sentence on the two § 924(c) firearms counts that were based on attempted Hobbs Act robberies. As a result, the Court expects that, in light of *Taylor*, it would likely grant a properly founded application for the relief of vacating the two firearms counts, followed by resentencing on all surviving counts of conviction. A proper form for such application would be pursuant to 28 U.S.C. § 2255. *See, e.g., Hall v. United States*, 58 F.4th 55, 63 (2d Cir. 2023); *cf. United States v. McCoy*, 58 F.4th 72, 74 (2d Cir. 2023). Importantly, on such a resentencing, although the Court would be at liberty to impose a lower sentence if the § 3553(a) factors so commended, the Court would be at liberty to impose the same aggregate sentence (300 months' imprisonment) as previously imposed, while allocating that sentence in a different fashion among the counts of conviction than had Judge Batts. *See, e.g., Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021); *Al-'Owhali v. United States*, 36 F.4th 461, 463 (2d Cir. 2022).

The ruling in *Taylor* does not, however, supply a basis to find extraordinary and compelling circumstances for a reduction of sentence under § 3582(c). *Taylor* is a technical decision anchored in tools of statutory construction. It did not concern Nguyen. It does not

speak to the seriousness of Nguyen's offenses. It does not bear on how any of the § 3553(a) factors applied to Nguyen's case. And as the transcript of sentencing in this case reflects, Judge Batts's determination that a 300-month sentence was warranted—and the lowest that could be justified in light of the § 3553(a) factors—did not turn on whether attempted Hobbs Act robbery qualifies as a crime of violence. Instead, Judge Batts stated that she had based that determination on the § 3553(a) factors. *See* February 21, 2012 Transcript at 12. And, as noted, Nguyen has not identified any independent basis for early release. The Court accordingly does not find justification in *Taylor* for granting early-release relief under § 3582(c), although that decision may well permit Nguyen to obtain the different relief of a vacatur of the two firearms counts followed by a resentencing on the surviving counts.

### 2. § 3553(a) Factors

Even if Nguyen had identified extraordinary and compelling circumstances justifying a reduction of sentence, the Court, on the record at hand, would not grant such a motion. To be sure, the Court's familiarity with this case is less than in cases on which it had presided over sentencing, and Judge Batts's remarks at sentencing were sparse in explaining the particular sentence imposed. Nonetheless, on the basis of the record, there was abundant reason, anchored in the § 3553(a) factors, for a 300-month sentence. These included the five retributive murders and one attempted murder, and the associated and alarming skein of violence in which Nguyen participated in his capacity as a leader of a violent drug-dealing gang. On the basis of the facts set forth in the PSR, the 300-month sentence imposed by Judge Batts would appear minimally necessary to respect the § 3553(a) factors of just punishment, promotion of respect for the law, specific deterrence, and protection of the public. The one new piece of information, Nguyen's concerted efforts in prison towards self-improvement, does not materially affect this assessment.

9

On the present record, the Court therefore would not impose any lower sentence, and would regard a lower sentence as in derogation of the § 3553(a) factors, taken as a whole.

For these reasons, the Court denies Nguyen's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).


SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: April 3, 2023
       New York, New York