**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| - v. - | **07-CR-1121 (PAE)** |
| HOA DUC NGUYEN | |
| Defendant. | |

**SENTENCING MEMORANDUM ON BEHALF OF**
**HOA DUC NGUYEN**

Arlo Devlin-Brown
Amanda Kramer
Patrick Mattina

Covington & Burling LLP
620 Eighth Avenue
New York, New York 10018
Adevlin-brown@cov.com
Tel: (212) 841-1000

*Attorneys for Defendant*

**TABLE OF CONTENTS**

Page

I.      PRELIMINARY STATEMENT ................................................................. 1

II.     PROCEDURAL BACKGROUND.............................................................. 2

III.    FACTUAL BACKGROUND ...................................................................... 2

        A.      Mr. Nguyen's Difficult Childhood and Exposure to Tragedy ............................... 2

        B.      ████████████████████████████████████████ ........... 4

        C.      Mr. Nguyen's Rehabilitation While in Prison ........................................ 6

IV.     A SENTENCE OF TIME SERVED IS WARRANTED.................................... 7

        A.      Legal Standard ..................................................................... 8

        B.      The Sentencing Guidelines Calculations ................................................. 8

        C.      The Sentencing Considerations Support a Sentence of Time Served................... 9

                1.      *Mr. Nguyen's History and Characteristics Warrant Leniency* ................. 9

                2.      *A sentence of time served would reflect the seriousness of his
                        offenses and promote general deterrence* ................................... 11

                3.      *Sentencing Mr. Nguyen to time served would be consistent with
                        specific deterrence and would protect the public from further
                        crimes* ................................................................. 13

                4.      *A sentence of time served will allow Mr. Nguyen to* ████████
                        ████████████████ ........................................ 15

V.      CONCLUSION.......................................................................... 17

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                Page(s)

*Concepcion v. United States*,
   142 S. Ct. 2389 (2022) ........................................................................................ 8, 11

*Gall v. United States*,
   552 U.S. 38 (2007) .................................................................................................. 11

*Pepper v. United States*,
   562 U.S. 476 (2011) ................................................................................................ 11

*United States v. Barrett*,
   937 F.3d 126 (2d Cir. 2019) ..................................................................................... 2

*United States v. Brown*,
   467 F. Supp. 3d 209 (S.D.N.Y. 2020) .................................................................... 15

*United States v. DiLeonardo*,
   No. S2 02-CR-743 (S.D.N.Y. Sept. 14, 2011), ECF. No. 388 ............................... 12

*United States v. Gangi*,
   881 F. Supp. 820 (E.D.N.Y. 1995) ......................................................................... 12

*United States v. Jasper*,
   No. 18 CR. 390-18 (PAE), Dkt. 441 (S.D.N.Y. Apr. 6, 2020) ............................... 16

*United States v. Mcrae*,
   No. 17-CR-643 (PAE), 2021 WL 142277 (S.D.N.Y. Jan. 15, 2021) ...................... 12

*United States v. Natale*,
   310 Fed. Appx 487 (3d Cir. 2008) .......................................................................... 12

*United States v. Piggott*,
   No. 94-CR-417 (SHS), 2022 WL 118632 (S.D.N.Y. Jan. 12, 2022) ...................... 14

*United States v. Simon*,
   482 F. Supp. 3d 151 (S.D.N.Y. 2020) .................................................................... 16

*United States v. Taylor*,
   142 S. Ct. 2015 (2022) .............................................................................................. 2

**STATUTES**

18 U.S.C. § 924 ............................................................................................................ 2, 8

18 U.S.C. § 3553 ........................................................................................................ *passim*

18 U.S.C. § 3582 ............................................................................................................... 2

**INDEX OF EXHIBITS**

**Description**                                                                                          **Exhibit**

Letter from Hoa Duc Nguyen ................................................................................................A

Letter from █████████ ....................................................................................................B

Letter from ███████████ ...............................................................................................C

Letter from █████████ ....................................................................................................D

Letter from ████████████ .............................................................................................E

Letter from █████████ ....................................................................................................F

Letter from ████████ ......................................................................................................G

Letter from ███████ ........................................................................................................H

Letter from █████████ .....................................................................................................I

Letter from █████████ ....................................................................................................J

Letter from █████████ ....................................................................................................K

Extracts of Hoa Duc Nguyen's Bureau of Prisons Medical Records ...........................................L

Transcript of Hoa Duc Nguyen's Sentencing Hearing on February 21, 2012..............................M

## I.   PRELIMINARY STATEMENT

Hoa Duc Nguyen █████████████████████████████████████

Those were the Government's words at Mr. Nguyen's sentencing hearing in February 2012. ████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████

Since his arrest more than 20 years ago, Mr. Nguyen has sought to right his wrongs.  He has done so even though it has placed his life and the lives of his family members in danger, a fear that lingers today.  He has not shied away from accepting responsibility for his crimes.  He does not do so now.

The relief Mr. Nguyen seeks at this resentencing is quite measured.  His current projected release date is July 26, 2024.  He asks today for time served, amounting to approximately a nine-month reduction to his original sentence of 25 years.  This modest reduction is warranted, grounded in the Section 3553(a) factors the Court must weigh in imposing judgement on the man Mr. Nguyen is today rather than the man he was when originally sentenced.  As Mr. Nguyen's letter and those of his family and friends demonstrate, Mr. Nguyen remains deeply reflective and remorseful about the damage his crimes have done, and believes that God has given him a chance to do some good in the world once he is released.  These same family and friends are likewise committed to helping Mr. Nguyen get on his feet so he can do just that upon his release. Finally, and perhaps most crucially, Mr. Nguyen is not a healthy man. ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████  Keeping him in jail nine

months longer serves no valid penal purpose, and is greater than necessary under a *current*

application of the sentencing factors.

## II.     PROCEDURAL BACKGROUND

Mr. Nguyen is now before this Court because the Government agreed that the decisions

in *United States v. Taylor*, 142 S. Ct. 2015 (2022) and *United States v. Barrett*, 937 F.3d 126 (2d

Cir. 2019) meant that Mr. Nguyen's two 18 U.S.C. § 924(c) convictions could no longer stand.

ECF No. 29.  The Government requested, and this Court ordered, that a date be set for an

appearance at which: (i) the Government would consent to the vacatur of those 18 U.S.C. §

924(c) convictions; and (ii) Mr. Nguyen would be resentenced on the remaining counts of

conviction.  *Id*.  The Government also requested that a supplemental PSR be prepared and that

counsel be appointed, which this Court ordered.  *Id*.

In April 2023, this Court denied Mr. Nguyen's *pro se* motion for compassionate release.

ECF No. 26.  This Court found that Mr. Nguyen had not established extraordinary and

compelling circumstances justifying early release pursuant to 18 U.S.C. § 3582(c)(1)(A).  *Id*.

While this Court did also opine on the 18 U.S.C. § 3553(a) factors at that time, the analysis was

done on an incomplete record and without the assistance of counsel.

## III.    FACTUAL BACKGROUND[1]

### A.     Mr. Nguyen's Difficult Childhood and Exposure to Tragedy

Mr. Nguyen's childhood was marred by tragedies.  He was born in Saigon in 1966 during

---

[1] The facts in this section are drawn from: (1) the supplemental Presentence Investigation Report dated August 10, 2023, which includes the original Presentence Investigation Report dated April 19, 2011 (ECF No. 32) (the "**PSR**"); (2) the transcript of Mr. Nguyen's sentencing hearing on February 21, 2012 before Judge Deborah Batts ("**Sentencing Tr.**"); (3) information from Mr. Nguyen, including a letter to the Court; and (4) letters from family and friends obtained by counsel.

the Vietnam War and was raised in the coastal town of Phan Thiet by his grandmother.  PSR ¶¶

224, 226.  He never met his father and rarely saw his mother.  *Id*.; Ex. C (███████ Letter)

(Mr. Nguyen's friend stating he had a "very difficult childhood" and grew up without his

parents).  In 1975, at the age of nine, Mr. Nguyen, his grandmother, half-siblings, and brother-in-

law were able to escape Vietnam by boat in the midst of a bombing campaign carried out by the

North Vietnamese Army, and eventually travelled to the United States.  *Id*. ¶¶ 227-29.  While

Mr. Nguyen and those relatives were able to flee the country, other family members were not as

fortunate.  *Id*.  For example, during the escape, Mr. Nguyen witnessed his five-year old cousin

tragically drown as he attempted to board the boat to freedom, and Mr. Nguyen's mother was

unable to leave the country and did not re-unite with her children until 1983.  *Id.*

While Mr. Nguyen was able to escape the perils of war in Vietnam, he encountered more

tragedy after he arrived in the United States and settled in Lancaster, Pennsylvania.  *Id*. ¶ 229.

Mr. Nguyen's brother-in-law was physically abusive to Mr. Nguyen, which caused him to run

away from his family and seek to live with friends to avoid further abuse.  *Id.*  This resulted in

Mr. Nguyen not having a stable home and ultimately falling in with the wrong crowd.  *Id.*  As a

juvenile, Mr. Nguyen committed burglaries and was arrested on a number of occasions.  *Id*. ¶

230.  Mr. Nguyen was eventually placed in a group home at the age of 15.  *Id*. ¶ 231.

Unfortunately, while at the group home, Mr. Nguyen again experienced physical abuse,

including being whipped and chained.  Ex. M (Sentencing Tr. 6).

These traumatic experiences undoubtedly shaped Mr. Nguyen and had a profound impact

on his mental health and development as he entered adulthood.  At every turn of his young life,

Mr. Nguyen sought stability and a sense of belonging, which he only found at the age of 20 when

he met Hung Quoc Duong and Sui Min Ma ("Frank Ma"), leaders of an infamous violent Asian

mafia that placed a high value on loyalty and which at that time primarily engaged in extortion, loansharking, and operating illegal gambling parlors, which was enticing to Mr. Nguyen given the struggles he encountered during his early life.  PSR ¶¶ 43-44.  Mr. Nguyen joined their criminal enterprise, and after being taken under Mr. Ma's wing, participated in a host of unlawful activities, including committing terrible acts of violence, which he ultimately pleaded guilty to. *See id.* ¶¶ 43-66.

> B.    Mr. Nguyen's Acceptance of Responsibility and Substantial Cooperation

Mr. Nguyen unconditionally accepted responsibility for his criminal conduct.  He pleaded guilty to all of the crimes for which he was charged, knowing he could be sentenced to life ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮  *Id.* ¶ 35.  He did so because he understood the importance of taking responsibility for his actions and the harm that he caused to the victims and their families. Mr. Nguyen expressed his remorse to the Government and to the victims and the Government Ex. M (Sentencing Tr. 4).  Mr. Nguyen continues to have remorse and sorrow for the victims and their families to this day as he expressed in his letter to the Court:

> "I know I have made terrible choices and cho[se] all the wrong paths in my
> life, [which] not only hurt my family but also other families.  I know there [are]
> no excuses for what I did, and I do [ac]cept full responsibility for my action[s].
> I am truly sorry for all the pain and sorrow that I have cause[d] to these
> families.  I can only hope and pray that maybe one day they can find it in
> the[ir] heart to forgive me."

Ex. A (Hoa Duc Nguyen Letter).



4



<hr />

[2] We have likewise been unsuccessful in obtaining a copy of the letter from Mr. Nguyen's counsel at the time of sentencing.



C.    Mr. Nguyen's Rehabilitation While in Prison

This Court, in its opinion dated April 3, 2023, described Mr. Nguyen's rehabilitative steps as "productive," "laudable," "concerted," and "exceeding those of many inmates." ECF No. 26. Mr. Nguyen's efforts have also been acknowledged by the Government, which stated that Mr. Nguyen's rehabilitative steps showed a "clear effort to make productive use of his term of incarceration." ECF No. 24. Mr. Nguyen looks forward to building on the steps he has taken to become a productive member of society. As he stated in his letter to this Court, he "pray[s] every day and night, not just for all of my sins to be forgiven but also for the strength and knowledge to become a better person." Ex. A (Hoa Duc Nguyen Letter).

Since being sentenced in February 2012, Mr. Nguyen has used his time in prison wisely and has taken positive steps to rehabilitate himself and prepare to re-enter society as a changed man. Mr. Nguyen's friend of more than 30 years,            , writes that he "has changed his ways and wants to be a positive person in society" and requests that Mr. Nguyen be given the opportunity to "start his life over with his new chance of [f]reedom." Ex. H (            Letter).

Another friend, ███████, writes that Mr. Nguyen has "exemplified interest in giving back to society and in making a difference in the lives of those that he has helped," and states that she knows he has a "good heart," and "truly believe[s] he deserve[s] a 2nd chance. I'm sure that if he is released, he will turn his life around and become a productive citizen." Ex. C (███ ███ Letter); Ex. F (█████ letter) (Mr. Nguyen's lifelong friend stating that he is a "kind and gentle person" and "now he wishes to live a normal life."). During his time in prison, Mr. Nguyen has obtained his General Educational Development (GED) degree, become English-proficient, and has also taken courses to learn Spanish, which will all assist him with obtaining and maintaining employment upon his release. PSR p. 53. Mr. Nguyen has also sought to obtain new skills by completing courses in computer education, culinary arts, nutrition, and welding. *Id.*

All of these rehabilitative steps have been taken by Mr. Nguyen to ensure that he can positively contribute to society upon his release from prison. These steps were all taken voluntarily and not at the direction of the Court or the Bureau of Prisons, which further demonstrates his sincere commitment to rehabilitation. Further, despite being in prison for more than 20 years, Mr. Nguyen has very few institutional infractions. *Id.* at p. 50-52. Mr. Nguyen's last infraction was in July 2019, and he has not had an infraction involving violence of any kind since November 2008, nearly fifteen years ago, which is further evidence of his rehabilitation. *Id.*

## IV.     A SENTENCE OF TIME SERVED IS WARRANTED

For the reasons set forth below, we respectfully submit that the sentencing factors this Court must consider under 18 U.S.C. § 3553(a) weigh in favor of a sentence of time served, amounting to a reduction of approximately nine months from an original sentence of 25 years. Such a sentence would still account for the seriousness of the offenses and provide for general

deterrence while also reflecting Mr. Nguyen's acceptance of responsibility, ████████

████████, and his present circumstances: deeply remorseful and rehabilitated after serving

most of his original sentence, committed with the support of family and friends to make a better

life once released, and anxious to ████████████████████████████████

████████████████.

A.    Legal Standard

Mr. Nguyen is being resentenced by this Court following the vacatur of his two

convictions under 18 U.S.C. § 924(c).  As this Court stated in its opinion dated April 3, 2023, the

Court is at liberty to impose a sentence lower than 300 months' imprisonment, or may impose

the same aggregate sentence of 300 months' imprisonment, while allocating that sentence in a

different fashion among the remaining counts of conviction.  ECF No. 26.

The sentence the Court imposes must be "sufficient, but not greater than necessary" in

order to achieve the purposes of sentencing.  18 U.S.C. § 3553(a).  To achieve this objective, the

Court must consider "the nature and circumstances of the offense and the history and

characteristics of the defendant," along with other factors set forth in the statute.  *Id.* at §

3553(a)(1).  These factors are weighed based on information available at the resentencing, *not* at

the time of the original sentencing.  *Concepcion v. United States*, 142 S. Ct. 2389, 2396 (2022)

(internal citations omitted).

B.    The Sentencing Guidelines Calculations

Mr. Nguyen agrees with the Sentencing Guidelines calculations set out in the PSR, which

lists a total adjusted offense level of 43, a Criminal History Category of IV, and a guidelines

range of life imprisonment.  PSR p. 2.  The PSR has remained largely unchanged from the

original submitted on April 19, 2011, but the total adjusted offense level of 48 in 2011 (PSR ¶

201) has now been reduced by five levels because of the two vacaturs**.**  This reduction, while

8

minimal, provides further support for Mr. Nguyen's contention that he should not receive the same aggregate sentence of 300 months' imprisonment.

      C.    <u>The Sentencing Considerations Support a Sentence of Time Served</u>

          *1.*    ***Mr. Nguyen's History and Characteristics Warrant Leniency***

This Court must consider "the history and characteristics of the defendant" before imposing a sentence. 18 U.S.C. § 3553(a)(1). As described above, Mr. Nguyen experienced many tragedies in his life. *See* Ex. C (▮▮▮▮▮▮ Letter); PSR ¶¶ 224, 227-31. He was fortunate enough to escape a warzone at a young age, but unfortunately his chance for a fresh start and safe life in the United States was marred by physical abuse and abandonment. *Id.* This in turn led to acts of juvenile delinquency, which in turn led to him joining the Frank Ma Organization and committing acts of violence. PSR ¶¶ 43-66, 230-31. While his childhood and background are no excuse for the crimes he committed, they provide insight into how a boy from Saigon came to join an infamous criminal organization in the United States.

Further, just as this Court is not to consider Mr. Nguyen on his worst days alone, Mr. Nguyen chose not to be defined by his crimes. After his arrest, Mr. Nguyen took responsibility for his actions by pleading guilty to his crimes without the benefit of any plea agreement. PSR ¶ 35. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Mr. Nguyen's efforts to become a better person and rectify his past mistakes did not end when he was sentenced.  Since his sentencing, Mr. Nguyen has consistently shown his remorse for his past mistakes.  Ex. A (Hoa Duc Nguyen Letter) ("I know I have made terrible choices and cho[se] all the wrong paths in my life.").  He has also sought to rehabilitate himself and to prepare for his eventual release from prison.  Mr. Nguyen's family members have witnessed how Mr. Nguyen has acknowledged his past mistakes and committed himself to rehabilitation.  Mr. Nguyen's ▮▮▮▮▮▮▮▮, writes that Mr. Nguyen has been "nothing but remorseful for everything he has done.  He has asked for my forgiveness a countless number of times….I know that he has had nothing but time to reflect on things that he has done, and that he is a changed man now."  Ex. E (▮▮▮▮▮▮ Letter); Ex. B (▮▮▮▮▮ Letter) (Mr. Nguyen's ▮▮▮▮ expressing Mr. Nguyen's genuine "remorse and regret for past choices and decision[s].").  Mr. Nguyen has also demonstrated to his friends that he is committed to re-entering society as a changed man.  Mr. Nguyen's friend, ▮▮▮▮▮, writes that Mr. Nguyen has "acknowledge[d] his past mistakes and is remorseful for his past crimes….has….continued to work hard at his own rehabilitation, and used his prison time to better himself to serve others, and give back to his community.")  Ex. G (▮▮▮▮▮ Letter).  Another friend, ▮▮▮▮▮▮, states that Mr. Nguyen "has expressed intense regret for his transgressions.  He has exemplified interest in giving back to society and in making a difference in the lives of those that he has helped."  Ex. C (▮▮▮ ▮▮ Letter); Ex. J (▮▮▮▮▮ Letter) (Mr. Nguyen's friend explaining that Mr. Nguyen deeply regrets his past crimes).

The rehabilitative steps that Mr. Nguyen has taken include obtaining his General Educational Development (GED) degree, becoming English-proficient, and taking courses in computer education, culinary arts, nutrition, Spanish language, and welding.  PSR p. 53.  Mr.

Nguyen's rehabilitative steps have been recognized by this Court and the Government, and have been described as "productive," "laudable," "concerted," "exceeding those of many inmates," and demonstrating a "clear effort to make productive use of his term of incarceration." ECF Nos. 24 and 26. Further, all of those steps were undertaken on Mr. Nguyen's own initiative and were not completed at the direction of the Court or the Bureau of Prisons. Such self-motivated rehabilitation should be taken into account by this Court when considering 18 U.S.C. § 3553(a)(1), as it demonstrates Mr. Nguyen's sincerity towards his rehabilitation. *See Gall v. United States*, 552 U.S. 38, 59 (2007).

Mr. Nguyen's post-sentencing rehabilitation is highly relevant, and supportive of the modest reduction sought here. As the Second Circuit made clear in *Conception*, the Court is required to assess Mr. Nguyen's "history and characteristics" "on that day, not on the date of his offense or the date of his conviction." *Concepcion*, 142 S. Ct. at 2396 (internal citations omitted). Such conduct includes "evidence of a defendant's rehabilitation since his prior sentencing," which the Supreme Court has said "may be highly relevant to several of the § 3553(a) factors." *Pepper v. United States*, 562 U.S. 476, 490-91 (2011) (quoting *United States v. McMannus*, 496 F.3d 846, 853 (8th Cir. 2007) ("in assessing…. deterrence, protection of the public and rehabilitation, 18 U.S.C. § 3553(a)(2)(B)(C)&(D), there would seem to be no better evidence than a defendant's post-incarceration conduct.")).

### 2. *A sentence of time served would reflect the seriousness of his offenses and promote general deterrence*

A sentence of time served would reflect the seriousness of Mr. Nguyen's offenses and promote general deterrence in accordance with 18 U.S.C. § 3553(a)(2)(A) just as well as the original sentence. Mr. Nguyen is nearly nine months away from completing his original 300 month sentence. Mr. Nguyen was imprisoned for the duration of the COVID-19 pandemic,

which this Court has stated has "exact[ed] a price on a prisoner beyond that imposed by an ordinary day in prison…. incarceration in such circumstances is, unavoidably, experienced as more punishing." *United States v. Mcrae*, No. 17-CR-643 (PAE), 2021 WL 142277, at *5 (S.D.N.Y. Jan. 15, 2021). This was obviously not contemplated at the time of the original sentencing and by itself arguably justifies the nine-month reduction in punishment Mr. Nguyen now seeks.

In any event, a sentence that ends only nine months shy of a 300-month sentence reflects the seriousness of the offense. As for general deterrence, it is hardly a bad thing if the message delivered through this sentencing is that if you commit a violent crime you will do substantial prison time as a result, but that a tiny fraction of that time may ultimately be deducted if you demonstrate positive attributes behind bars, as argued above, or ████████████████████

███████████████████████████████

Moreover, both the original 300-month sentence and the requested reduced sentence are very lengthy in comparison to other sentences received by ████████████████████

███████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

█████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████

████████████████████████  Obviously every case and every organized crime ring is

different, but a Court's deterrent messaging in all such cases must be tempered by the need to

█████████████████████████████████████████████████████████████████████████████

████████████████████  With this in mind, both the 300 months originally imposed and the roughly

3% reduction now sought are more than sufficient to reflect the seriousness of the offense.

### 3.   Sentencing Mr. Nguyen to time served would be consistent with specific deterrence and would protect the public from further crimes

As explained above, Mr. Nguyen has demonstrated to himself, his family and friends, and

this Court that he has learned from his past mistakes, been adequately deterred, and is no longer

a threat to the public.  18 U.S.C. § 3553(a)(2)(B),(C).  Mr. Nguyen is determined to ensure that

his rehabilitative steps were not done in vain, and desires to be a productive member of society

and not engage in any criminal behavior upon his release from prison.  As Mr. Nguyen writes, he

is "very grateful" for the sentence he received because he knows he was given a "second chance

at life."  Ex. A (Hoa Duc Nguyen Letter).  Mr. Nguyen's family and friends are confident that

Mr. Nguyen will make the most of that second chance, including using the opportunity to "make

things right with those he needs to and whom matter most to him."  Ex. B (████████ Letter).

As his friend, ████████, writes "I'm sure that if he is released, he will turn his life around and

become a productive citizen."  Ex. C (████████ Letter); Ex. F (████████ Letter).

Mr. Nguyen's planning for post-release life shows that these are not empty words.





Mr. Nguyen is grateful to have this opportunity, which will allow him to get back on his feet when he re-enters society.

Mr. Nguyen's friend ████████████████████, states that she is "here to support him emotionally and financially to help him get back on his feet. His family will most definitely also be there for him." Ex. H (████ Letter). Mr. Nguyen has not seen ████████████████ in nearly 30 years, and they are both looking forward to reconnecting with him. Ex. B (████████ Letter); Ex. D (████████ Letter). As Mr. Nguyen's friend, ████████, explains, Mr. Nguyen is committed to rebuilding his relationships with his family members and has a "strong support system and is surrounded by families and friends to help in his early release from prison." Ex. G (████ Letter). Mr. Nguyen intends to use that support system, and the education and skills that he obtained in prison, to become a productive member of society and make his family and friends proud. His behavior and actions while in prison shed light on the likelihood of his success upon his release. Mr. Nguyen's future is bright.

Mr. Nguyen's age upon release (he is currently 57) statistically reduces the risk he will reoffend. It is well-established that recidivism rates decrease significantly with age. *See United States v. Piggott*, No. 94-CR-417 (SHS), 2022 WL 118632, at *3 (S.D.N.Y. Jan. 12, 2022). The risk that defendants 60 years of age or older will re-offend, a decade Mr. Nguyen is approaching, is the lowest of all age groups studied. *Id*. (citing the 2021 U.S. Sentencing Commission's Report on the Recidivism of Federal Offenders Released in 2010 and its finding that "only

15.4% of offenders the age of 60 released in 2010 were rearrested during the study period, as compared with 72.5% of offenders under the age of 21."). Finally, as this Court has found in other circumstances, whatever danger Mr. Nguyen can today be said to pose to the public will not be materially different in July 2024 when he is released and subject to five years supervision. *See United States v. Brown*, 467 F. Supp. 3d 209, 212 (S.D.N.Y. 2020) (this Court stating in June 2020 that a defendant presented a "relatively minimal" danger to the community, and "no more so [then] he would pose upon his scheduled release in February 2023."). Therefore, a sentence of time served would be consistent with 18 U.S.C. § 3553(a)(2)(B) and (C).





## V.    <u>CONCLUSION</u>

In light of the foregoing reasons, we respectfully submit that a sentence of time served and five years of supervised release is warranted.

Dated:  September 28, 2023                           Respectfully submitted,


s/ Arlo Devlin-Brown
Arlo Devlin-Brown
Amanda Kramer
Patrick Mattina

Covington & Burling LLP
620 Eighth Avenue
New York, New York 10018
Adevlin-brown@cov.com
Akramer@cov.com
Pmattina@cov.com
Tel: (212) 841-1000

*Attorneys for Defendant*